# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| STEVE CHOKPELLE, professionally known as "MUSO", **PLAINTIFF,** | : | **CIVIL COMPLAINT** |
| VS. | : | **JURY DEMANDED** |
| TIME IS MONEY ENTERTAINMENT, LLC AND | : | **CIVIL NO: _____** |
| KISEAN PAUL ANDERSON, professionally known as "SEAN KINGSTON" AND | | |
| CHRIS BROWN ENTERTAINMENT, LLC AND | : | |
| CHRISTOPHER MAURICE BROWN, Professionally known as "CHRIS BROWN" AND | : | |
| SONGS OF UNIVERSAL, INC. Individually And d/b/a CULTURE BEYOND UR EXPERIENCE PUBLISHING AND | : | |
| UNIVERSAL MUSIC PUBLISHING, INC. AND | : | |
| UNIVERSAL MUSIC GROUP, INC. AND | | |
| SONY MUSIC HOLDINGS, INC. d/b/a SONY MUSIC ENTERTAINMENT AND | : | |
| JOHN DOE DEFENDANTS 1-18, | : | |
| **DEFENDANTS.** | | |

---

COMES NOW your Plaintiff, **STEVE CHOKPELLE**, who by and through his legal counsel, **SIMON J. ROSEN, ESQ., of LAW OFFICE OF SIMON ROSEN, PLLC**, respectfully Complains as follows:

1

## THE PARTIES

1. Plaintiff STEVE M. CHOKPELLE "Chokpelle" or "Plaintiff" is a professional recording artist, songwriter, and performer who at all times relevant hereto has been professionally known as "MUSO".

2. Defendant TIME IS MONEY ENTERTAINMENT, L.L.C. ("TIME IS MONEY") is a New York foreign limited liability company registered and doing business in the State of New York, with its NY Dept. of State ID #3990605, filed August 3, 2010; its registered office is 60 E. 42nd St., Suite 1101, N,Y,, N.Y. 10165; Defendant TIME IS MONEY does business as a music production, personal management and promotion company.

3. Defendant KISEAN PAUL ANDERSON, professionally known as SEAN KINGSTON ("KINGSTON") is a professional musical performer, songwriter, producer and recording artist SEAN KINGSTON doing business within this District; upon information Defendant KINGSTON is a principal of co-Defendant TIME IS MONEY; Defendant KINGSTON is currently incarcerated at Federal Detention Center (FDC) Miami, located at 33 NE 4th Street, Miami, FL 33132 Miami, Florida.

4. Defendant CHRIS BROWN ENTERTAINMENT, LLC ('CBE') is a Delaware limited liability company doing business in this District as a musical recording, production, and distribution company. particularly focused with the musical and related entertainment pursuits and exploits of the talented performer known to the public as "CHRIS BROWN"; CBE's registered agent is located at 1013 Centre Road, Suite 403S, Wilmington DE 19805.

5. Defendant CHRISTOPHER MAURICE BROWN, professionally known as "CHRIS BROWN" ("BROWN"), is a professional singer, musical performer, songwriter, and recording artist, doing business in this District, and has been commonly referred to as both a "star"

and "superstar" in the music and entertainment business.

6. Defendant SONGS OF UNIVERSAL, INC, individually and on behalf of CULTURE BEYOND UR EXPERIENCE PUBLISHING. (collectively "UNIVERSAL-1") , is a California corporation doing business as a major music publishing company, owning and administering the musical copyrights of countless musical sound recordings and underlying music compositions, including the musical compositions of co-defendants CBE, TIME IS MONEY, BROWN, KINGSTON, and Plaintiff CHOKPELLE;  Defendant UNIVERSAL-1's registered agent is located at c/o CT CORPORATION SYSTEM, 330 North Brand Blvd., Glendale CA 91203.

7. Defendant UNIVERSAL MUSIC PUBLISHING, INC. ("UNIVERSAL-2") is a California corporation doing business in this District as a music publishing company, engaged in the worldwide commercial exploitation of songs; Defendant UNIVERSAL-2's registered agent is located at c/o CT CORPORATION SYSTEM, 330 North Brand Blvd., Glendale CA 91203.

8. Defendant UNIVERSAL MUSIC GROUP, INC. ("UNIVERSAL-3") is a Delaware corporation, and upon information and belief is the parent company of co-Defendants UNIVERSAL-1 and UNIVERSAL-2,, overseeing the music publishing empire of Universal Music. Defendant UNIVERSAL-3's registered agent is located at c/o CT CORPORATION SYSTEM, 330 North Brand Blvd., Glendale CA 91203.

9. Defendant SONY MUSIC HOLDINGS, INC. , d/b/a SONY MUSIC ENTERTAINMENT, ("SONY"), is a New York based foreign corporation and a division of SONY which company, upon information and belief, owns and controls recordings and musical compositions pertaining to RCA Records, BMG holdings and SONY MUSIC ENTERTAINMENT, and other related music companies controlling the copyrights of SONY, RCA, and BMG intellectual properties;  SONY does business in this District our of 25 Madison Avenue, NY NY, and its registered agent is locate c/o Corporation Service Co., 80 State Street, Albany NY 12207.

10. Defendants JOHN DOE DEFENDANTS 1-18 ("JOHN DOES") are Defendants whose identifies are not yet known to Plaintiff, and whose identities shall be revealed through discovery, upon

3

information and belief, who are recording companies, publishing companies, and other persons and/or entities receiving revenues which should have properly inured to Plaintiff CHOKPELLE, and who are liable to Plaintiff for monetary damages and equitable relief.

      10B. At all times material hereto, the Defendants acted on their own behalves, or through the actions, or failures to act, of their agents, representatives, servants, employees and/or the like, acting within their course of employment and scope of duties.

## FACTUAL BACKGROUND

11. In 2020, Plaintiff CHOKPELLE was at Defendant BROWN's home in Tarzana, CA, with Defendants BROWN, KINGSTON, and CBE, at which time Plaintiff CHOKPELLE, at the request of BROWN, KINGSTON, and CBE, authored and composed lyrics for an original song titled, "MONALISA" (hereinafter "SUBJECT SONG-1 or "MONALISA").

12. "MONALISA" was thereafter commercially released on or about June 4, 2021 by Defendants BROWN, CBE, PAYDAY, TIME IS MONEY, UNIVERSAL-1, UNIVERSAL-2, UNIVERSAL-3, SONY, and JOHN DOES; the lyrics embodied in MONALISA were solely written by Plaintiff CHOKPELLE, yet Defendants failed to credit CHOKPELLE as being authoring the lyrics, and Defendants never afforded Plaintiff copyright claimant status in regard to his creation of the lyrics; further, Plaintiff CHOKPELLE never received any compensation despite MONALISA's commercial success; MONALISA yielded gross revenues to said Defendants, which upon information and belief exceeded the sum of Seventy-Five Thousand Dollars ($75,000).

13. Thereafter, in 2021, Plaintiff CHOKPELLE co-wrote another song, titled "SENSATIONAL" (hereinafter referred to as the "SUBJECT SONG-2" or "SENSATIONAL"), with co-writer and producer Onyekachi Emenalo, professionally known as "KRAZYTUNEZ ("KRAZYTUNES"); CHOKPELLE wrote the lyrics for the SUBJECT SONG-2, and

KRAZYTUNES wrote and produced the music for the SUBJECT SONG-2.

14. Upon completion of the composing and recording of the unpublished, not-yet commercially released MONALISA and SENSATIONAL, Plaintiff CHOKPELLE owned a proprietary interest in the sound recording ("MASTER") of these songs.

15. Upon completion of the composing and recording of the unpublished, not-yet commercially released MONALISA AND SENSATIONAL, Plaintiff CHOKPELLE also possessed a proprietary interest in the underlying musical compositions.

16. Thereafter, at the request Defendant BROWN, Plaintiff delivered SENSATIONAL to Defendant BROWN to hear; BROWN promptly listened to SENSATIONAL and told Plaintiff CHOKPELLE that he (Defendant BROWN) wanted to commercially release SENSATIONAL through his affiliated record companies, that being the named Co-Defendants in this action - CBE, TIME IS MONEY, UNIVERSAL-1, UNIVERSAL-2, UNIVERSAL-3, SONY, and the JOHN DOE Defendants.

17. Defendant BROWN, in conjunction with the help and services of Co-Defendants, recorded, mixed and mastered a new version of "SENSATIONAL"; this new version is deemed a "derivative work" under applicable law.

18. On or about October 20, 2023, this derivative version of the "SENSATIONAL", authored and created by Plaintiff CHOKPELLE and Onyekachi Emenalo p/k/a KRAZYTUNEZ, was commercially released throughout the world by Defendants, by and through RCA Records; to date, the derivative version of SENSATIONAL, performed by Defendant BROWN and released by the Co-Defendants, is responsible for gross revenues to all Defendants in excess of One Millions Dollars ($1,000,000), to the detriment of

Plaintiff CHOKPELLE, who received no earnings from the commercial exploitation of the Subject Song by Defendants; to be clear, despite the fact that he is credited as an author and composer of SENSATIONAL, Defendants paid no revenues whatsoever to Plaintiff CHOKPELLE. See Performing Rights Organization BMI web pages in regard to SENSATIONAL, attached as Exhibit "A" and incorporated by reference as though fully set forth herein and made a part hereof.

19. Despite the fact that Defendants have acknowledged that Plaintiff CHOKPELLE penned the lyrics to "SENSATIONAL", on January 18, 2024, a copyright registration #SR0000987741 was issued by the Library of Congress on behalf of Defendants CBE and SONY MUSIC ENTERTAINMENT, which Registration wrongfully omits Plaintiff CHOKPELLE as a named author and copyright claimant for the Subject Song, in violation of the law; the intentional omission is an act of fraud.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action pursuant to Title 17 of the U.S. Code, to wit, the Copyright Act of 1976 (actions arising under the Copyright Act).

17. Venue is proper in this District and this Court has personal jurisdiction over Defendants under applicable federal law.

## PLAINTIFF'S CLAIMS AGAINST DEFENDANTS

## COUNT I:

## DECLARATORY ACTION FOR DECLARATION OF COPYRIGHT AUTHORSHIP AND OWNERSHIP UNDER THE COPYRIGHT ACT – "MONALISA"

## (AGAINST ALL DEFENDANTS)

18. Plaintiff CHOKPELLE is the author/owner of the lyrics to the musical composition

"MONALISA".

19. Defendants' deprived Plaintiff CHOKPELLE from receiving his proper accreditation as author and owner of the lyrics to MONALISA, and deprived CHOKPELLE from receiving his properly entitled compensation flowing from his role as author/owner of the lyrics.

20. It is well-established in all Circuit Courts of Appeal that undisputed copyright authors/owners are entitled to equitable copyright authorship/ownership determinations in federal court. Brownstein v. Lindsay, 742 F.3d 55, 68 (3d Cir. 2014); see also Cambridge Literary Props, Ltd. V. W. Goebel Porzellanfabrik G.m.b.H, 510 F.3d 77, 86 (1st Cir. 2007)); Gaiman v. McFarlane, 360 F. 3d 644, 652 ( 7th Cir. 2004).

21. It is undisputed that Chokpelle authored the lyrics to "MONALISA" and should be afforded credit as author and copyright owner.

22. Under applicable law, Chokpelle is entitled to obtain declaratory relief in the form of a Court Order declaring Chokpelle as author and copyright owner of the lyrics to "MONALISA".

23. As such, Chokpelle is entitled to actual damages or statutory damages, plus reasonable counsel fees and costs, to be determined by Chokpelle no later than the conclusion of discovery, as a direct and proximate result of Defendants' denying Chokpelle is authorship and copyright ownership in regard to the Subject Song and the Master.

24. Defendants are liable to Plaintiff for declaratory relief for their wrongful denial of Plaintiff's authorship and copyright ownership interests.

WHEREFORE, on Count I, Plaintiff STEVE CHOKPELLE demands judgment against all Defendants, jointly and severally, as follows:

a) Declaration that Steve Chokpelle is the author and copyright owner of the Master sound recording and underlying Musical Composition "MONALISA";

    b) Statutory damages or actual damages, which shall be determined by Plaintiff at the close of discovery;

    c) Reasonable counsel fees and costs; and,

    d) Such other relief as this Court may deem proper.

## COUNT II:

## DECLARATORY ACTION FOR DECLARATION OF COPYRIGHT AUTHORSHIP AND OWNERSHIP UNDER THE COPYRIGHT ACT – "SENSATIONAL"

## (AGAINST ALL DEFENDANTS)

25. Plaintiff CHOKPELLE is the author/owner of the lyrics to the musical composition "SENSATIONAL".

26. Defendants' deprived Plaintiff CHOKPELLE from receiving his proper accreditation as author and owner of the lyrics to SENSATIONAL, and deprived CHOKPELLE from receiving his properly entitled compensation flowing from his role as author/owner of the lyrics.

27. It is well-established in all Circuit Courts of Appeal that undisputed copyright authors/owners are entitled to equitable copyright authorship/ownership determinations in federal court. Brownstein v. Lindsay, 742 F.3d 55, 68 (3d Cir. 2014); see also Cambridge Literary Props, Ltd. V. W. Goebel Porzellanfabrik G.m.b.H, 510 F.3d 77, 86 (1st Cir. 2007)); Gaiman v. McFarlane, 360 F. 3d 644, 652 ( 7th Cir. 2004).

28. It is undisputed that Chokpelle authored the lyrics to "SENSATIONAL" and should be afforded credit as author and copyright owner.

29. Under applicable law, Chokpelle is entitled to obtain declaratory relief in the form of a Court Order declaring Chokpelle as author and copyright owner of the lyrics to "SENSATIONAL".

30. As such, Chokpelle is entitled to actual damages or statutory damages, plus reasonable counsel fees and costs, to be determined by Chokpelle no later than the conclusion of discovery, as a direct and proximate result of Defendants' denying Chokpelle is authorship and copyright ownership in regard to the Subject Song 2 and the Master.

31. Defendants are liable to Plaintiff for declaratory relief for their wrongful denial of Plaintiff's authorship and copyright ownership interests.

WHEREFORE, on Count II, Plaintiff STEVE CHOKPELLE demands judgment against all Defendants, jointly and severally, as follows:

  a) Declaration that Steve Chokpelle is the author and copyright owner of the Master sound recording and underlying Musical Composition "SENSATIONAL";

  b) Statutory damages or actual damages, which shall be determined by Plaintiff at the close of discovery;

  c) Reasonable counsel fees and costs; and,

  d) Such other relief as this Court may deem proper.

## COUNT III:

## UNJUST ENRICHMENT / QUASI-CONTRACT /

## BREACH OF IMPLIED-IN-LAW AGREEMENT

## (AGAINST ALL DEFENDANTS)

32. Paragraphs 1 – 31 are incorporated by reference as though fully set forth herein and made a part hereof.

33. Plaintiff and Defendants entered into an implied-in-law agreement providing for Plaintiff to be compensated for the quantum meruit of Plaintiff's contributions, as author and copyright owner in regard to the Master sound recordings and underlying

Musical Compositions "MONALISA" and "SENSATIONAL".

34. Plaintiff suffered a detriment by taking the time and exertion of the effort to create, compose and author the lyrics to "MONALISA" and "SENSATIONAL".

35. Conversely, Defendants sustained a tremendous benefit, and shall continue to receive tremendous benefit, by earnings millions in revenues, acclaim, accolades, and goodwill, from the commercial exploitation of "MONALISA" and "SENSATIONAL".

36. As a result of Defendants' failure to acknowledge Plaintiff's authorship and copyright ownership interests, and by their failure to compensate Plaintiff, Defendants have been unjustly enriched.

37. As a result thereof, Plaintiff is entitled to receive the "quantum meruit" in the form of monetary damages, and proper credit, for his equitable entitlement in regard to his role as author and copyright owner of "MONALISA and SENSATIONAL".

38. Defendants are liable to Plaintiff for breach of implied-in-law contract, for their unjust enrichment.

WHEREFORE, on Count III, Plaintiff STEVE CHOKPELLE demands judgment against all Defendants, jointly and severally, as follows:

a) Compensatory damages for a sum in excess of One Millon Dollars ($1,000,000) to be determined at time of trial;

b) For equitable relief in the form of granting Plaintiff appropriate credit as "Author" and "Copyright Owner" of MONALISA and SENSATIONAL;

c) Reasonable counsel fees and costs; and,

d) Such other relief as this Court may deem proper.

## COUNT IV:

## FRAUD, DECEIT, MISREPRESENTATION

## (AGAINST ALL DEFENDANTS)

39.  Paragraphs 1 – 38 are incorporated by reference as though fully set forth herein and made a part hereof.

40.  Defendants fraudulently omitted naming CHOKPELLE as a co-author and copyright claimant on the Copyright Registration filed with the Library of Congress.

41. Defendants' failure was intentionally aimed at reaping maximum revenues, and financial gain, by fraudulently omitting plaintiff CHOKPELLE's role in the authorship of the subject songs.

42.  As a result of defendants' fraud, deceit and misrepresentation, CHOKPELLE has failed to receive monetary compensation to which he is duly entitled by Defendants, and from third parties unaware of CHOKPELLE's role as author (such as MLC, PRO, *inter alia).*

43.  Defendants' conduct was outrageous, and was intentional, willful, wanton and with reckless disregard to Plaintiff's rights, thereby warranting an additional award for punitive damages.

44. Defendants are liable unto Plaintiff CHOKPELLE for fraud, misrepresentation, and deceit.

WHEREFORE, on Count IV, Plaintiff STEVE CHOKPELLE demands judgment against all Defendants, jointly and severally, as follows:

a)  Compensatory damages in excess of One Million Dollars ($1,000,000);

b)  Punitive damages for an amount to be determined at trial;

c)  Reasonable counsel fees and costs; and,

d) Such other relief as this Court may deem proper.

## COUNT V: BREACH OF FIDUCIARY DUTY

## (<u>AGAINST DEFENDANTS TIME IS MONEY,</u>

## <u>KINGSTON, CBE AND BROWN ONLY</u> )

45. Paragraphs 1 – 44 are incorporated by reference as though fully set forth herein and made a part hereof.

46. Defendants TIME IS MONEY, KINGSTON, CBE and BROWN owed a fiduciary duty to Plaintiff CHOKPELLE to protect CHOKPELLE's interests.

47. Said Defendants violated their fiduciary duty to CHOKPELLE by failing to protect CHOKPELLE's interests, for their own pecuniary benefit.

48. Defendants' conduct in regard to their complicit conduct in breach of fiduciary duty was outrageous, and was intentional, willful, wanton and with reckless disregard to Plaintiff's rights, warranting an award of punitive damages.

49. Said Defendants KINGSTON, CBE and BROWN are liable to Plaintiff CHOCKPELLE for their breach of fiduciary duties.

WHEREFORE, on Count V, Plaintiff STEVE CHOKPELLE demands judgment against Defendants TIME IS MONEY, KINGSTON, CBE, and BROWN, jointly and severally, as follows:

a) Compensatory damages in excess of One Milliion Dollars ($1,000,000);

b) Punitive damages for an amount to be determined at trial;

c) Reasonable counsel fees and costs; and,

d) Such other relief as this Court may deem proper.

## COUNT VI: RIGHT TO FULL AND DISCRETE ACCOUNTING

## (<u>AGAINST ALL DEFENDANTS</u>)

50. Paragraphs 1 through 49 are incorporated by reference as though fully set forth herein and made a part hereof.

51. Plaintiff CHOKPELLE is entitled to a full, discrete accounting of all revenues earned by Defendant from the commercial exploitation of the subject songs, from inception through current, and ongoing into the future.

52. Such accounting is owning and due from any revenue sources whatsoever, throughout the World, including cyberspace.

53. This Court should Order Defendant to provide such accounting based upon the facts of this case and applicable law.

WHEREFORE, on Count VI, Plaintiff STEVE CHOKPELLE demands judgment against all Defendants, jointly and severally, as follows:

a) For a full, detailed and discreet accounting, in regard to all gross revenues earned in regard to the subject sound recordings and underlying musical compositions "MONALISA" and "SENSATIONAL";

b) Reasonable counsel fees and costs

c) Such other relief as this Court may deem proper.

Dated: January 29, 2026         **LAW OFFICE OF SIMON ROSEN, PLLC**

BY: /Simon J. Rosen, Esq./ (#6279)
    Counsel for Plaintiff
128 Greenwood Ave., 2nd Fl.
Wyncote PA 19095
 Tel 215-564-0212 / Email: SimonOnKey@aol.com