**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

STEVE CHOKPELLE *p/k/a* MUSO,

          Plaintiff,

  -against-

TIME IS MONEY ENTERTAINMENT, LLC,
KISEAN PAUL ANDERSON *p/k/a* SEAN
KINGSTON, CHRIS BROWN
ENTERTAINMENT, LLC, CHRISTOPHER
MAURICE BROWN *p/k/a* CHRIS BROWN,
SONGS OF UNIVERSAL *d/b/a* CULTURE
BEYOND UR EXPERIENCE PUBLISHING,
UNIVERSAL MUSIC PUBLISHING, INC.,
UNIVERSAL MUSIC GROUP, INC., SONY
MUSIC HOLDINGS, INC. *d/b/a* SONY MUSIC
ENTERTAINMENT, and JOHN DOE
DEFENDANTS 1-18,

          Defendants.

Case No. 1:26-cv-00811-LAP

---

**DEFENDANT CHRISTOPHER MAURICE BROWN'S MOTION TO QUASH
AND DISMISS FOR INSUFFICIENT SERVICE OF PROCESS UNDER
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5)**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTUAL BACKGROUND .............................................................................................. 1

LEGAL ARGUMENT ........................................................................................................ 3

    I.  Plaintiff Bears the Burden of Demonstrating Adequate Service through
        Admissible Evidence ............................................................................................... 3

    II.  Plaintiff Failed to Properly Effectuate Service of Process on Brown ................................. 4

        A.  Plaintiff Improperly Served an Unidentified "John Doe." ........................................... 4

        B.  The Alleged Service is Improper Under the Federal Rules of Civil
            Procedure ........................................................................................................ 6

        C.  The Alleged Service is Improper Under New York Law ............................................. 7

        D.  The Alleged Service is Improper Under California Law ............................................. 9

CONCLUSION .................................................................................................................. 11

## TABLE OF AUTHORITIES

**PAGE(s)**

## CASES

*Agapov v. UBIF Franchising Co.*,
    No. 23-CV-02178 (PMH), 2024 WL 1018453 (S.D.N.Y. March 8, 2024)...............................3

*Ainbinder v. R.C.R. Contracting, Inc.*,
    204 A.D.2d 582 (2d Dep't 1994) ........................................................................................5

*Assofi v. Basile*,
    No. CV 22-8313-GW-Ex, 2023 WL 8044342 (C.D. Cal. Sept. 20, 2023).............................10

*Avila v. Brown, et al.*
    Case No. 21STCV13947 (Super. Ct. L.A. Cnty.)...................................................................6

*Beatie and Osborn LLP v. Patriot Sci. Corp.*,
    431 F. Supp.2d 367 (S.D.N.Y. 2006)....................................................................................4

*Bonomi v. City and Cnty. of San Francisco*,
    No. C 10-5847 PJH, 2012 WL 2935624 (N.D. Cal. July 18, 2012) ........................................5

*Bouyer v. 603 San Fernando Road, LLC*,
    No. CV-20-3853-MWF, 2020 WL 7711840 (C.D. Cal. Nov. 2, 2020)...................................11

*C3 Media & Mktg Corp. v. Firstgate Internet, Inc.*,
    419 F. Supp.2d 419 (S.D.N.Y. 2005)....................................................................................3

*Cao Xue Fen v. Yu Choi Wan*,
    No. CV-09-1336 (SJ), 2009 WL 10712997 (E.D.N.Y. Dec. 23, 2009)...................................4

*Copeland v. Pham*,
    No. 8:25-cv-00113-JAK, 2025 WL 3158117 (C.D. Cal. July 31, 2025)................................11

*Corona v. Verderosa*,
    No. 2:14-cv-01473-MCE-AC, 2014 WL 7336230 (E.D. Cal. Dec. 22, 2014) .......................11

*DeMott v. Bacilious*,
    No. 11 Civ. 6966 (PAE), 2012 WL 601074 (S.D.N.Y. Feb. 24, 2012)....................................5

*Dickerson v. Napolitano*,
    604 F.3d 732 (2d Cir. 2010)................................................................................................3

*Dytch v. Bermudez*,
    No. 17-cv-02714-EMC, 2018 WL 2230945 (N.D. Cal. May 16, 2018)...............................4, 5

*Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*,
 No. 5:20-cv-06846-EJD, 2021 WL 3037701 (N.D. Cal. July 19, 2021) ............................9, 10

*In re Escallón*,
 323 F. Supp.3d 552 (S.D.N.Y. 2018)........................................................................................6

*Espada v. Guardian Serv. Indus., Inc.*,
 No. 18-CV-5443 (ILG) (JO), 2019 WL 5309963 (E.D.N.Y. Oct. 18, 2019) ..........................7

*Fed. Nat'l Mortg. Ass'n v. Smith*,
 219 A.D.3d 938 (2d Dep't 2023) ..............................................................................................8

*Gibson v. Mount Vernon Montefiore Hosp. Executive Director*,
 No. 22-CV-4213 (KMK), 2024 WL 1217528 (S.D.N.Y. March 19, 2024) .............................3

*GS Holistic, LLC v. S4L Inc.*,
 No. 22-cv-07631-SVK, 2024 WL 6840050 (N.D. Cal. April 22, 2024) .................................10

*Guggenheim Cap., LLC v. Toumei*,
 No. 10 Civ. 8830 (PGG), 2011 WL 13557041 (S.D.N.Y. Feb. 10, 2011) ...............................6

*Healthy Habits, Inc. v. Fusion Excel Corp.*,
 No. CV 11-675.........................................................................................................................10

*Healthy Habits, Inc. v. Fusion Excel Corp.*,
 No. CV 11-675 CAS(PLAx), 2011 WL 13217967 (C.D. Cal. Aug. 9, 2011).........................10

*Hercules v. PPS MSO NY, Inc.*,
 No. 23-CV-3355 (LDH) (TAM), 2024 WL 4523836 (E.D.N.Y. July 26, 2024) ......................8

*Kapitus Serv., Inc. v. Blackmon*,
 No. 653269/2021, 2025 WL 1296300 (Sup. Ct. N.Y. Cnty. May 5, 2025)..............................8

*Lliviganay v. Cipriani 110 LLC*,
 No. 09 Civ. 0737 (LAK), 2009 WL 1044606 (S.D.N.Y. April 14, 2009)............................7, 8

*Moghaddam v. Bone*,
 142 Cal. App. 4th 283 (2006) ................................................................................................11

*Nepomuceno v. Columbia Deli & Grill Inc.*,
 No. 19-cv-3150 (MKV), 2024 WL 1363532 (S.D.N.Y. March 28, 2024) ........................4, 7, 8

*In re Oh*,
 No. 22-mc-1469-DDL, 2023 WL 2890155 (S.D. Cal. April 11, 2023)....................................6

*Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*,
 484 U.S. 97 (1987)....................................................................................................................3

*PH Int'l Trading Corp. v. Nordstrom, Inc.*,
No. 07-CV-10680, 2009 WL 859084 (S.D.N.Y. March 31, 2009) ...........................................3

*Regisford v. Lockamy*,
No. 23 Civ. 5928 (AKH), 2025 WL 2444191 (S.D.N.Y. Aug. 25, 2025)................................2

*Trs. of Empire St. Carpenters Annuity, Apprenticeship, Lab.-Mgmt. Cooperation,*
*Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc.*,
No. 13-04590 (JS) (GRB), 2014 WL 6606402 (E.D.N.Y. Aug. 4, 2014) ................................5

*U.S. v. Morse*,
No. 5:12-CV-129, 2013 WL 427177 (N.D.N.Y. Feb. 4, 2013)................................................5

*Zhejiang Zheshang Asset Mgmt. Co., Ltd. v. Ai*,
No. CV 25-04840-MWF, 2025 WL 4065361 (C.D. Cal. Nov. 25, 2025)...............................10

## STATUTES AND RULES

Cal. Civ. Pro. Code § 415.20(b)...........................................................................................9, 10, 11

CPLR § 308.........................................................................................................................7, 8, 9

Fed. R. Civ. P. 4 ...........................................................................................................3, 6, 4, 7, 9

Fed. R. Civ. P. 12(b)(5)..................................................................................................... *passim*

## WEBSITES

https://www.newsnationnow.com/us-news/west/chris-brown-announces-plans-
leave-california/ ...................................................................................................................6

https://www.yahoo.com/news/chris-brown-cites-relocation-counter-
001527271.html ...................................................................................................................6

## PRELIMINARY STATEMENT

Steve Chokpelle ("Plaintiff") speciously claims to have effectuated service on Christopher Brown ("Brown") by leaving papers with an unnamed, unidentified security guard at a California residence. The purported service fails under the Federal Rules of Civil Procedure, New York law, and California law.

The defects are fundamental. Plaintiff has not established that the residence is Brown's dwelling or usual place of abode. It is not – a fact attested by Brown and readily ascertainable from judicially noticeable sources. Nor has Plaintiff demonstrated that the unidentified security guard resided there, was a competent member of the household, or was otherwise a person authorized to accept service. The process server made no attempt, much less a reasonable one, to serve Brown personally first. The process server also made no attempt to describe the supposed security guard – leaving one to speculate as to the unnamed security guard's race, gender, height, and weight. Finally, Plaintiff failed to satisfy additional statutory safeguards, including having the process server advise the unidentified security guard of the nature of the papers or completing the required mailing. These defects, separately and together, require that service be quashed.

Because Plaintiff failed to satisfy the procedural requirements necessary to trigger this Court's personal jurisdiction over Brown, the claim against him should be dismissed under Rule 12(b)(5).

## FACTUAL BACKGROUND

On February 4, 2026, Plaintiff filed a lawsuit against eight defendants and 18 "Doe" defendants based on the supposed infringement of lyrics that he allegedly authored or co-authored for the musical works, "Sensational" and "Monalisa." Specifically, Plaintiff claims that the defendants failed to properly credit or compensate him. (Compl., ¶¶ 11-13). As to "Monalisa" –

released and distributed by third parties in *2021* – Plaintiff belatedly seeks a declaration of copyright ownership.  (*Id.* ¶¶ 18-22).[1] Plaintiff similarly seeks a declaration as to ownership interest in "Sensational." (*Id.* ¶¶ 28-31) and purports to bring a series of state law claims based on defendants' failure to compensate him for his alleged contributions.

Plaintiff claims to have served Brown on March 3, 2026 by serving an unnamed, undescribed "John Doe" security guard at 19602 W. Citrus Ridge Drive, Tarzana, California 91356 ("Attempted Service Address").  (*See* D.E. 24, "Declaration of Service").  Without any factual support, Plaintiff concludes that the Attempted Service Address is Brown's "residence or usual place of abode." (*See id.*). Plaintiff's speculation is incorrect.[2]  Brown's sworn declaration confirms that the Attempted Service Address is ***not*** his residence, usual place of abode, dwelling, usual place of business or usual mailing address. (*See* Declaration of Christopher Maurice Brown ("Brown Decl.") ¶ 2).

As to the unidentified "John Doe" security guard, Plaintiff contends that the unidentified individual is "a person of suitable age and discretion who resides there." (D.E. 24).  Tellingly, the Declaration of Service offers ***no*** support for the conclusion that this security guard "resides" at the Attempted Service Address.  (*See id.*)  Given the conspicuous lack of any factual detail, there is no feasible way of gauging the identity of the anonymous recipient whom Plaintiff claims to have served.   Regardless, Brown has attested that no security guard resides at this Attempted Service Address, or is otherwise a member of, or in charge of, the household.  (*See* Brown Decl. ¶ 4).

---

[1] *See Regisford v. Lockamy*, No. 23 Civ. 5928 (AKH), 2025 WL 2444191, at *2 (S.D.N.Y. Aug. 25, 2025) (the statute of limitations for copyright ownership claims is three years).

[2] Plaintiff's belief that that Attempted Service Address is Brown's usual place of abode or current residence is ostensibly based on his prior visit to the home in *2020*, when Brown then resided at the Attempted Service Address.  (Compl. ¶ 11).

## LEGAL ARGUMENT

**I.    Plaintiff Bears the Burden of Demonstrating Adequate Service through Admissible Evidence.**

"Before a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). *See also Gibson v. Mount Vernon Montefiore Hosp. Executive Director*, No. 22-CV-4213 (KMK), 2024 WL 1217528, at *5 (S.D.N.Y. March 19, 2024) ("Valid service is a prerequisite for a federal court to assert personal jurisdiction over a claim."). Where a plaintiff has failed to satisfy this "procedural requirement," Fed. R. Civ. P. 12(b)(5) provides the "proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Agapov v. UBIF Franchising Co.*, No. 23-CV-02178 (PMH), 2024 WL 1018453, at *2 (S.D.N.Y. March 8, 2024).

Upon a challenge to service of process, the "***plaintiff*** bears the burden of proving, through ***admissible evidence***, the adequacy of service." *Id.* (emphasis added); *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) ("When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service."). In assessing a motion under Rule 12(b)(5), courts must consider the adequacy of service under Fed. R. Civ. P. 4 and "must look to matters outside the complaint to determine whether it has jurisdiction." *Agapov*, 2024 WL 1018453, at *2; *C3 Media & Mktg Corp. v. Firstgate Internet, Inc.*, 419 F. Supp.2d 419, 427 (S.D.N.Y. 2005). *See also*, *PH Int'l Trading Corp. v. Nordstrom, Inc.*, No. 07-CV-10680, 2009 WL 859084, at *3 (S.D.N.Y. March 31, 2009) ("A court may, on a Rule 12(b)(5) motion to dismiss, consider affidavits and documents submitted by the parties without converting the motion into one for summary judgment under Rule 56.")

Where a plaintiff fails to satisfy his burden, the Court has "broad discretion" under Fed. R. Civ. P. 12(b)(5) to either "dismiss the action or retain the case but quash the service that has been made on the defendant."  *See Beatie and Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp.2d 367, 385 n.11 (S.D.N.Y. 2006) (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 660 n.3 (S.D.N.Y. 1997)).

## II.    <u>Plaintiff Failed to Properly Effectuate Service of Process on Brown</u>.

The Declaration of Service notably fails to specify the statutory basis through which Brown was supposedly served.   Fed. R. Civ. P. 4(e) provides three options for service: (i) "leaving a copy of each at the individuals' dwelling or usual place of abode with someone of suitable age and discretion who resides there;" (ii) "following state law for serving a summons . . . where the district court is located" (here, New York); or (iii) "following state law for serving a summons … where service is made" (here, California). *See* Fed. R. Civ. P. 4(e)(1), (2)(B).  Plaintiff's attempted service fails under each applicable statutory provision.

### A.    **Plaintiff Improperly Served an Unidentified "John Doe."**

Plaintiff's purported service upon "John Doe" is facially deficient under each of the three permitted statutory schemes.  (*See* Declaration of Service at 1). Courts are rightfully "wary of proofs of service that do not identify on whom service was made" because such anonymity provides "little or no basis on which to challenge the alleged service of process." *Dytch v. Bermudez*, No. 17-cv-02714-EMC, 2018 WL 2230945, at *3 n.2 (N.D. Cal. May 16, 2018) (quoting *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005)).

Consequently, courts frequently hold that service upon unidentified individuals is insufficient.  *See*, *e.g.*, *Nepomuceno v. Columbia Deli & Grill Inc.*, No. 19-cv-3150 (MKV), 2024 WL 1363532, at *6 (S.D.N.Y. March 28, 2024) (service upon a "Doe" recipient insufficient); *Cao*

*Xue Fen v. Yu Choi Wan*, No. CV-09-1336 (SJ), 2009 WL 10712997, at *1 (E.D.N.Y. Dec. 23, 2009) (service upon an "unidentified" "Jane Smith" was insufficient); *Ainbinder v. R.C.R. Contracting, Inc.*, 204 A.D.2d 582, 583 (2d Dep't 1994) (service upon a "Doe" recipient insufficient); *Dytch*, 2018 WL 2230945, at *3 n.2 (holding service "not identify[ing] the particular person served" as improper and under California law).

Courts similarly reject service where the affidavit of service provides no meaningful description of the individual allegedly served. *See*, *e.g.*, *Trs. of Empire St. Carpenters Annuity*, *Apprenticeship*, *Lab.-Mgmt. Cooperation*, *Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc.*, No. 13-04590 (JS) (GRB), 2014 WL 6606402, at *4 (E.D.N.Y. Aug. 4, 2014) (holding service upon "Jane Doe" without a "physical description" was improper, as it contained "only a bare description"); *Bonomi v. City and Cnty. of San Francisco*, No. C 10-5847 PJH, 2012 WL 2935624, at 6 (N.D. Cal. July 18, 2012) (deeming service improper where the proof of service did "not state the name or physical description of the person who is alleged to have accepted service").

And even where, unlike here, a process server provides a physical description of an unidentified recipient, courts often ***still*** reject service where the description is inadequate. *See*, *e.g.*, *U.S. v. Morse*, No. 5:12-CV-129 (NAM/ATB), 2013 WL 427177, at *1 (N.D.N.Y. Feb. 4, 2013) (service insufficient where the server left the summons with a "John Doe" and described the unidentified recipient "as a white male with brown hair, approximate age "35-49" (a range of 15 years), approximate height 5'9"-6'0" (a range of five inches), and approximate weight "160-199 Lbs. (a range of forty pounds)"); *DeMott v. Bacilious*, No. 11 Civ. 6966 (PAE), 2012 WL 601074, at *6-7 (S.D.N.Y. Feb. 24, 2012) (service insufficient where the process server left papers with a "mere desk clerk who refuse[d] to give his name," and merely identified the recipient as a "black male, age 30, standing 5'8, weighing 170 pounds, and wearing glasses").

Here, the Declaration of Service makes no attempt to identify the "security guard." It does not describe the race, age, gender, height, or weight of the purported security guard. The lack of *any* attempt to describe the security guard raises considerable questions and is deficient as a matter of law.

**B.    The Alleged Service is Improper Under the Federal Rules of Civil Procedure**.

The Federal Rules permit service by: (i) leaving a copy of the summons and complaint at "the individuals' dwelling or usual place of abode," with (ii) "someone of suitable age and discretion," who (iii) "resides there." Fed. R. Civ. P. 4(e)(2)(B). Plaintiff failed to satisfy all three of these requirements.

*First*, Brown's sworn Declaration confirms that the Attempted Service Address is not his current dwelling or usual place of abode. (*See* Brown Decl. ¶ 2). *See*, *e.g.*, *Guggenheim Cap.*, *LLC v. Toumei*, No. 10 Civ. 8830 (PGG), 2011 WL 13557041, at \*2-3 (S.D.N.Y. Feb. 10, 2011) (granting motion to quash under Rule 12(b)(5) where service was not attempted at defendant's usual place of abode for purposes of Rule 4(e)(2)(B)). *See also In re Escallón*, 323 F. Supp.3d 552, 558 (S.D.N.Y. 2018) ("Mere ownership and control of, and occasional presence in, [a property] does not, by itself, raise an inference that the [property] is the [defendant's] established abode or residence."); *In re Oh*, No. 22-mc-1469-DDL, 2023 WL 2890155, at \*4 (S.D. Cal. April 11, 2023) (same, quoting *Escallón*). Plaintiff has not, and cannot, introduce any evidence that the Tarzana home which he visited in 2020 remains Brown's residence or usual place of abode. [3]

---

[3] Brown's move out of the State of California has been the subject of multiple news reports. *See*, *e.g.*, https://www.newsnationnow.com/us-news/west/chris-brown-announces-plans-leave-california/. Additionally, Brown's residence has been the subject of highly publicized litigation in *Avila v. Brown*, *et al.* Case No. 21STCV13947 (Super. Ct. L.A. Cnty.). There, sworn statements attesting to Brown's residence in Nevada were submitted. (*See* Declaration of James G. Sammataro, Ex. 1 attached thereto, at ¶ 8). Following the submission of this sworn statement, Brown's residence in Nevada was widely reported. *See, e.g.*, https://www.yahoo.com/news/chris-

*Second*, Plaintiff's claimed service on an individual who is not identified in any way fails to establish that the unidentified individual is "of suitable age and discretion." *Lliviganay v. Cipriani 110 LLC*, No. 09 Civ. 0737 (LAK), 2009 WL 1044606, at *1 (S.D.N.Y. April 14, 2009) (holding service improper because there was no way to assess the suitability of "unidentified persons"); *Nepomuceno*, 2024 WL 1363532, at *6 (holding that service upon a "Doe" recipient is insufficient under Fed. R. Civ. P. 4(e)(2)(B) and CPLR § 308(2) because there was no way for the court to determine whether the unidentified recipient "had discretion to accept service").

*Third*, Brown has attested that none of his security guards reside at the Attempted Service Address. (*See* Brown Decl. ¶ 4).  *See*, *e.g.*, *Espada v. Guardian Serv. Indus.*, *Inc.*, No. 18-CV-5443 (ILG) (JO), 2019 WL 5309963, at *8-9 (E.D.N.Y. Oct. 18, 2019) (attempted service on building concierge was "not to a resident," and thus insufficient for purposes of Rule 4(e)(2)(B)).

Accordingly, service is improper under Fed. R. Civ. P. 4(e)(2)(B).

## C.    The Alleged Service is Improper Under New York Law.

Plaintiff similarly fails to establish the propriety of service under the "state law for serving a summons … where the district court is located."  *Cf.* Fed. R. Civ. P. 4(e)(1).  New York law permits service by delivering the summons to: (i) "a person of suitable age and discretion," at (ii) the actual place of business, dwelling place or usual place of abode of the person to be served," ***and*** by (iii) mailing the summons to the person to be served at his [ ] last known residence[.]" CPLR § 308(2) (emphasis added).  Plaintiff cannot satisfy any of the three elements mandated by New York law.

*First*, as with the Federal Rules, Plaintiff's attempted reliance on service of an unidentified

---

brown-cites-relocation-counter-001527271.html.  Plaintiff and his process server still failed to find this readily accessible indication that Brown did not reside at the Attempted Service Address.

person is deficient and leaves "open the issue whether those persons were individuals of suitable age and discretion." *Lliviganay*, 2009 WL 1044606, at \*1; *Nepomuceno*, 2024 WL 1363532, at \*6 (service failed under CPLR § 308(2) because the "Doe" recipient's suitability and discretion could not be assessed).

*Second*, service under New York law likewise fails because Brown has attested that the Attempted Service Address is not his dwelling or usual place of abode. (*See* Brown Decl. ¶ 2). *See*, *e.g.*, *Fed. Nat'l Mortg. Ass'n v. Smith*, 219 A.D.3d 938, 941-42 (2d Dep't 2023) (holding that service was improper and granting motion to dismiss where service was not attempted at the defendant's actual dwelling place or usual place of abode).

*Third*, there is no indication that Plaintiff satisfied the mailing requirement, despite representing that a "declaration of mailing is attached."  No such declaration is attached. (*See* Declaration of Service at 2).  Critically, the mailing requirement is not a technical formality.  It is an absolute requirement, which is strictly construed. "[P]ersonal jurisdiction is ***not acquired*** pursuant to CPLR § 308(2) ***unless both*** the delivery and mailing requirements have been complied with ... This mailing requirement is to be ***strictly construed***."  *See Kapitus Serv.*, *Inc. v. Blackmon*, No. 653269/2021, 2025 WL 1296300, at \*4 (Sup. Ct. N.Y. Cnty. May 5, 2025) (citing *AMK Cap. Corp. v. Plotch*, 230 A.D.3d 26, 31 (1st Dep't 2024) & *Williams v. MTA Bus Co.*, 224 A.D.3d 467, 468 (1st Dep't 2024) (emphasis added)).

"The failure to comply with CPLR § 308(2)'s mailing requirement is a jurisdictional defect warranting a finding as a matter of law that ***service thereunder was invalid***.'" *Kapitus Serv.*, 2025 WL 1296300, at \*4 (emphasis added); *see also Hercules v. PPS MSO NY*, *Inc.*, No. 23-CV-3355 (LDH) (TAM), 2024 WL 4523836, at \*5 (E.D.N.Y. July 26, 2024) (service was not complete under CPLR § 308 where plaintiff did "not file proof that mailing occurred").

Accordingly, service is incomplete and invalid under CPLR § 308(2).

**D.      The Alleged Service is Improper Under California Law**.

Lastly, Plaintiff fails to establish the propriety of service under the "state law for serving a summons … where service is made." *Cf.* Fed. R. Civ. P. 4(e)(1).  Plaintiff purports to have served Brown in California, which permits the substituted service: (i) where the "summons and complaint cannot with reasonable diligence be personally delivered to the person to be served," by serving the party (ii) at their "dwelling house, usual place of abode, usual place of business, or usual mailing address," (iii) "in the presence of a competent member of the household or a person apparently in charge of their office, place of business, or usual mailing address," who is (iv) "at least 18 years of age," who (v) "shall be informed of the contents thereof," *and* by (vi) "thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.  Cal. Civ. Pro. Code § 415.20(b).

Plaintiff failed to satisfy each and every one of these six requirements. *First*, Plaintiff does not claim to have attempted to effectuate personal service upon Brown, let alone having attempted such personal service with "reasonable diligence." (*See generally* Declaration of Service).  Instead, it appears that the process server simply left the summons and complaint during his visit to the Tarzana property. This is wholly deficient. *See*, *e.g.*, *Elite Semiconductor*, *Inc. v. Anchor Semiconductor*, *Inc.*, No. 5:20-cv-06846-EJD, 2021 WL 3037701, at *4-6 (N.D. Cal. July 19, 2021) (granting dismissal where plaintiff did not document any attempts to serve the defendant before resorting to substitute service).

*Second*, as referenced above, the Attempted Service Address is not Brown's "dwelling house, usual place of abode, usual place of business, or usual mailing address."  (*See* Brown Decl.

¶ 2). The summons was, therefore, not left at Brown's "residence or usual place of abode." (*See* Declaration of Service at 1). *See*, *e.g.*, *Elite Semiconductor*, 2021 WL 3037701, at \*4-5 (granting dismissal under California law where defendant stated in declaration that the attempted service address was not his dwelling house or usual place of abode, and plaintiff did "not present[ ] sufficient evidence" otherwise); *Healthy Habits*, *Inc. v. Fusion Excel Corp.*, No. CV 11-675 CAS(PLAx), 2011 WL 13217967, at \*2 (C.D. Cal. Aug. 9, 2011) (quashing service purportedly effected under Section 415.20(b) where defendants submitted declarations stating that the address was not their usual place of abode and plaintiffs failed to present evidence otherwise).

*Third*, the "John Doe" security guard is not a competent member of the household at the Attempted Service Address. (*See* Brown Decl. ¶ 4). *See*, *e.g.*, *Assofi v. Basile*, No. CV 22-8313-GW-Ex, 2023 WL 8044342, at \*7 (C.D. Cal. Sept. 20, 2023) (holding service upon security guard was improper under Section 415.20(b) as the guard was "not considered a 'competent member of the household'"); *Zhejiang Zheshang Asset Mgmt. Co., Ltd. v. Ai*, No. CV 25-04840-MWF (MBKx), 2025 WL 4065361, at \*2 (C.D. Cal. Nov. 25, 2025) (holding service was improper under Section 415.20(b) where the documents were not left with a person who was a member of the household).

*Fourth*, the "John Doe" security guard is not "apparently in charge" of the Attempted Service Address. (*See* Brown Decl. ¶ 4). *See*, *e.g.*, *Assofi*, 2023 WL 8044342, at \*7 (holding service upon security guard was improper under Section 415.20(b) as the guard was not "apparently in charge"); *GS Holistic*, *LLC v. S4L Inc.*, No. 22-cv-07631-SVK, 2024 WL 6840050, at \*2 (N.D. Cal. April 22, 2024) (holding service was improper under Section 415.20(b) where the documents were not left with a person "apparently in charge").

*Fifth*, the Declaration of Service does not state that the "John Doe" recipient was informed

of the contents of the service (*see generally* Declaration of Service).  This is a critical requirement to prevent the documents from "end[ing] up in a junk pile or recycling bin."  *See*, *e.g.*, *Bouyer v. 603 San Fernando Road, LLC*, No. CV-20-3853-MWF (PVCx), 2020 WL 7711840, at *2 (C.D. Cal. Nov. 2, 2020) (holding that service was improper under Section 415.20(b) where Plaintiff did not purport to have informed the substituted recipient of the contents of the documents); *Copeland v. Pham*, No. 8:25-cv-00113-JAK (KESx), 2025 WL 3158117, at *3-4 (C.D. Cal. July 31, 2025) (service was insufficient under Section 415.20(b) where the affidavit of service did "not state that he 'informed [the person] of the contents thereof'").

*Sixth*, once more, there is no evidence that Plaintiff mailed the summons and complaint after attempting service upon the "John Doe" security guard.  (*See* Declaration of Service at 2). "Strict compliance with statutory provisions for service by mail is required, and improper service will be given no effect."  *Moghaddam v. Bone*, 142 Cal. App. 4th 283, 288 (2006).  *See*, *e.g.*, *Corona v. Verderosa*, No. 2:14-cv-01473-MCE-AC, 2014 WL 7336230, at *5 (E.D. Cal. Dec. 22, 2014) (granting dismissal under Rule 12(b)(5) and holding that service was insufficient under Section 415.20(b) because plaintiff failed to meet the mailing requirement); *Copeland*, 2025 WL 3158117, at *4 (service was insufficient under Section 415.20(b) where there was "no showing that Plaintiff mailed copies of the [complaint and summons] 'thereafter'").

Accordingly, service was incomplete and invalid under Cal. Civ. P. Code § 415.20(b).

## CONCLUSION

For the foregoing reasons, Brown respectfully requests that the Court quash service of the Complaint on Brown and dismiss Brown under Fed. R. Civ. P. 12(b)(5).

Dated:  March 24, 2026
       New York, New York

                                                        **PRYOR CASHMAN LLP**
                                                        *Attorneys for Defendant Brown*

By: */s/ James G. Sammataro*
        James G. Sammataro (NY Bar No. 4937926)
        Kevin R. Savarese (NY Bar No. 5917976)
        jsammataro@pryorcashman.com
        ksavarese@pryorcashman.com
        ksuarez@pryorcashman.com
        7 Times Square
        New York, New York 10036
        (212) 421-4100

## WORD COUNT CERTIFICATION

I, James G. Sammataro, an attorney duly admitted to practice law before the courts of the State of New York, hereby certify pursuant to Local Civil Rule 7.1 that this brief complies with the word count limit set forth in Your Honor's Individual Rule 2.B.because it contains 3,468 words, excluding parts of the memorandum exempted by Local Civil Rule 7.1.  In preparing this certification, I have relied on the word processing software used to prepare this memorandum.

Dated: New York, New York
      March 24, 2026

*/s/ James G. Sammataro*
James G. Sammataro (NY Bar No. 4937926)