**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVE CHOKPELLE *p/k/a* MUSO,<br><br>Plaintiff,<br><br>-against-<br><br>TIME IS MONEY ENTERTAINMENT, LLC, KISEAN PAUL ANDERSON *p/k/a* SEAN KINGSTON, CHRIS BROWN ENTERTAINMENT, LLC, CHRISTOPHER MAURICE BROWN *p/k/a* CHRIS BROWN, SONGS OF UNIVERSAL *d/b/a* CULTURE BEYOND UR EXPERIENCE PUBLISHING, UNIVERSAL MUSIC PUBLISHING, INC., UNIVERSAL MUSIC GROUP, INC., SONY MUSIC HOLDINGS, INC. *d/b/a* SONY MUSIC ENTERTAINMENT, and JOHN DOE DEFENDANTS 1-18,<br><br>Defendants. | Case No. 1:26-cv-00811-LAP |

**DEFENDANTS CHRIS BROWN ENTERTAINMENT, LLC, UNIVERSAL**
**MUSIC PUBLISHING, INC., UNIVERSAL MUSIC GROUP, INC. AND**
**SONGS OF UNIVERSAL'S COMBINED MOTION TO DISMISS FOR**
**<u>FAILURE TO STATE A CLAIM</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND........................................................................................................2

LEGAL STANDARD....................................................................................................................3

    A.     Rule 12(b)(6) Requires Factual Allegations Sufficient to State a Plausible Claim for Relief....................................................................................................................3

    B.     Rule 8 Prohibits Group Pleading and Requires the Complaint to Identify Each Defendant's Alleged Conduct.................................................................................4

LEGAL ARGUMENT...................................................................................................................5

    I.     Counts I through IV Should Be Dismissed Because the Complaint Engages in Impermissible Group Pleading and Alleges No Specific Conduct by the Moving Defendants ................................................................................................................5

    II.     Count IV Should Be Dismissed as to CBE Because the Complaint Fails to Plead Fraud With Particularity Under Rule 9(b) and Identifies a Registration in Which Plaintiff Claims No Interest ...................................................................................7

    III.     Count V Should Be Dismissed as to CBE Because Plaintiff Has Failed to Plead a Fiduciary Duty and No Such Duty Exists Between Co-Authors as a Matter of Law....9

    IV.     Plaintiff's Claim for Declaratory Judgment for "Monalisa" (Count I) is Time Barred and Should Be Dismissed With Prejudice ................................................................11

    V.     Count III Should Be Dismissed Because Plaintiff's Unjust Enrichment Claim Is Preempted by the Copyright Act and Otherwise Inadequately Pleaded ......................13

    VI.     Count VI Should Be Dismissed Because Plaintiff's Accounting Claim Is Preempted by the Copyright Act and Otherwise Inadequately Pleaded .......................................15

CONCLUSION.............................................................................................................................16

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abercrombie v. Andrew College*,
438 F. Supp.2d 243 (S.D.N.Y. 2006)...................................................................................11

*Arden v. Columbia Pictures Indus.*,
908 F. Supp. 1248, 1264 (S.D.N.Y. 1995)..........................................................................15

*Armenante v. Flying Colours Corp.*,
No. 25 Civ. 3378 (JLR), 2026 WL 775666 (S.D.N.Y. Mar. 18, 2026) ...................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................................................................3, 4

*Atuahene v. City of Hartford*,
10 F. App'x 33 (2d Cir. 2001) ...............................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..........................................................................................................3, 4

*Brown v. Dolce & Gabbana USA Inc.*,
No. 24 Civ. 3807 (NRB), 2025 WL 1919549 (S.D.N.Y. July 11, 2025)..................................5

*Cadle Co. v. Rochfort Ents. (Bahamas) Ltd.*,
No. 02 Civ. 9348 (LAB), 2003 WL 1702262 (S.D.N.Y. Mar. 31, 2003)................................8

*Cannon v. N.Y.S. Comm'r of Soc. Servs.*,
No. 19 Civ. 6493 (CM), 2019 WL 3743975 (S.D.N.Y. Aug. 7, 2019) ...................................5

*CBI Cap. LLC v. Mullen*,
No. 19 Civ. 5219 (AT), 2020 WL 4016018 (S.D.N.Y. July 16, 2020) ..................................15

*In re Cellco P'ship*,
663 F. Supp. 2d 363 (S.D.N.Y. 2009)....................................................................................9

*Charles v. Seinfeld*,
803 F. App'x 550 (2d Cir. 2020) ........................................................................................12

*De Jesus v. Sears, Roebuck & Co.*,
87 F.3d 65 (2d Cir. 1996)......................................................................................................6

*Dewan v. Blue Man Grp. Ltd. P'ship*,
73 F. Supp. 2d 382 (S.D.N.Y. 1999)...............................................................................12, 13

*Elliott v. Cartagena*,
    No. 19 Civ. 1998 (NRB), 2025 WL 486634 (S.D.N.Y. Feb. 13, 2025) ....................................9

*Fagan v. First Sec. Invs., Inc.*,
    No. 04 Civ. 1021 (LTS) (TH), 2006 WL 2671044 (S.D.N.Y. Sept. 15, 2006) .............9, 10, 15

*Gillespie v. St. Regis Residence Club*, *N.Y. Inc.*,
    No. 16 Civ. 9390 (GHW), 2019 WL 4747185 (S.D.N.Y. Sept. 30, 2019)...............................15

*Gordon v. Aizenberg*,
    No. 7:21-cv-51 (NSR), 2022 WL 4660499 (S.D.N.Y. Sept. 30, 2022)....................................9

*Howard v. Carter*,
    615 F. Supp. 3d 190 (W.D.N.Y. 2022) ...................................................................................12

*In re Hydrogen*, *L.L.C.*,
    431 B.R. 337 (S.D.N.Y. 2010)................................................................................................14

*Jackson Nat'l Life Ins. Co. v. Ligator*,
    949 F. Supp. 200 (S.D.N.Y. 1996) ......................................................................................7, 8

*Jones v. Haynes*,
    No. 24 Civ. 7098 (VM), 2025 WL 3090549 (S.D.N.Y. Oct. 10, 2025) ..................................14

*Kwan v. Schlein*,
    634 F.3d 224 (2d Cir. 2011)....................................................................................................11

*La. Mun. Police Emps.' Ret. Sys. v. JPMorgan Chase & Co.*,
    No. 12 Civ. 6659 (DLC), 2013 WL 3357173 (S.D.N.Y. July 3, 2013)...................................16

*Leighton v. Poltorak*,
    No. 17 Civ. 3120 (LAK) (KNF), 2018 WL 2338789 (S.D.N.Y. May 23, 2018) ....................10

*Leneau v. Ponte*,
    No. 1:16-cv-776-GHW, 2018 WL 566456 (S.D.N.Y. Jan. 25, 2018) ......................................5

*Liberty Harbor Coffee Inc. v. Moss*,
    No. 25 Civ. 1335 (JLR), 2025 WL 2930290 (S.D.N.Y. Oct. 15, 2025) .................................14

*Lopez v. Bonanza.com*, *Inc.*,
    No. 17 Civ. 8493 (LAP), 2019 WL 5199431 (S.D.N.Y. Sept. 30, 2019)..................................7

*Margo v. Weiss*,
    213 F.3d 55 (2d Cir. 2000)................................................................................................11, 13

*Margo v. Weiss*,
    No. 96 CIV. 3842 (MBM), 1998 WL 2558 (S.D.N.Y. Jan. 5, 1998) ......................................10

*McCaffery v. McCaffery*,
  No. 11 Civ. 703 (DRH) (WDW), 2012 WL 3260299 (E.D.N.Y. Aug. 8, 2012).....................16

*McCarthy v. Stollman*,
  No. 06 Civ. 2613 (DAB) (DF), 2010 WL 11586609 (S.D.N.Y. Feb. 23, 2010) .......................9

*L.A. Grika ex rel. McGraw v. McGraw*,
  161 A.D.3d 450 (1st Dep't 2018) .................................................................................14

*Merchant v. Levy*,
  92 F.3d 51 (2d Cir. 1996)...........................................................................................11

*Meszaros v. Meszaros*,
  No. 18 Civ. 5731 (DLI) (RER), 2019 WL 13225390 (E.D.N.Y. Sept. 30,
  2019) ......................................................................................................................16

*Nesbeth v. N.Y.C. Mgmt. LLC*,
  No. 17 Civ. 8650 (JGK), 2019 WL 110953 (S.D.N.Y. Jan. 4, 2019).......................................5

*Netzer v. Continuity Graphic Assocs., Inc.*,
  963 F. Supp. 1308 (S.D.N.Y. 1997)........................................................................14, 15

*NYC St. Tree Consortium Inc. v. Eber-Schmid*,
  No. 07-CV-0348 (BSJ), 2008 WL 11516553 (S.D.N.Y. April 21, 2008) ...............................10

*Ortiz v. Guitian Bros. Music Inc.*,
  No. 07 Civ. 3897, 2008 WL 4449314 (S.D.N.Y. Sept. 29, 2008).....................................12, 13

*Pauwels v. Deloitte LLP*,
  83 F.4th 171 (2d Cir. 2023) .......................................................................................14

*Phillies v. Harrison/Erickson, Inc.*,
  No. 19 Civ. 7239 (VM) (SN), 2021 WL 5936523 (S.D.N.Y. Aug. 10, 2021) .........................12

*Raspberry Holdings LLC v. NextBanks Int'l Inc.*,
  No. 24-cv-1529 (LJL), 2025 WL 438270 (S.D.N.Y. Feb. 7, 2025) ....................................7, 8

*Regan v. Conway*,
  No. 07-CV-3207 (ADS) (ARL), 2009 WL 10708790 (E.D.N.Y. Sept. 30,
  2009) ......................................................................................................................10

*Rise Dev. Partners, LLC v. Signature Bank*,
  No. 23-cv-4242 (JGK), 2024 WL 4555758 (S.D.N.Y. Oct. 22, 2024)....................................9

*Roberts v. Keith*,
  No. 04 CV 10079 (LAP), 2009 WL 3572962 (S.D.N.Y. Oct. 23, 2009) .................................7

*Telesco v. Neuman*,
    No. 14 Civ. 3480 (VB), 2015 WL 2330166 (S.D.N.Y. Mar. 11, 2015) ...................................16

*Waite v. UMG Recordings*, *Inc.*,
    450 F. Supp. 3d 430 (S.D.N.Y. 2020)...................................................................................11

*Weber v. Geffen Records*, *Inc.*,
    63 F. Supp. 2d 458 (S.D.N.Y. 1999)................................................................................14, 15

*Wuhan Zhongxin Imp. & Exp. Co. Ltd. v. Titan Alliance Imp. & Exp. Corp.*,
    No. 19-cv-5703 (WKF) (RML), 2020 WL 13851305 (E.D.N.Y. Nov. 3, 2020) ....................11

*Zalewski v. T.P. Builders*, *Inc.*,
    No. 10 Civ. 876 (GLS) (RFT), 2011 WL 3328549 (N.D.N.Y. Aug. 2, 2011) ..........................7

**Statutes**

17 U.S.C. § 301(a) ..............................................................................................................2, 13, 15

17 U.S.C. § 507(b) ...................................................................................................................1, 11

Fed. R. Civ. P. 8(a) ...................................................................................................................4, 5

Fed. R. Civ. P. 9(b) ..................................................................................................................7, 17

Fed. R. Civ. P. 12(b)(6)...............................................................................................................3

Pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6), defendants Chris Brown Entertainment, LLC ("CBE"), Songs of Universal, Inc. *d/b/a* Culture Beyond UR Experience Publishing, Universal Music Publishing, Inc., and Universal Music Group, Inc. (collectively, "Universal," and with CBE, the "Moving Defendants") respectfully submit this combined memorandum of law in support of their motion to dismiss the Complaint (D.E. 6) filed on behalf of Steve Chokpelle *p/k/a* "Muso" ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff's Complaint is fundamentally defective in both form and substance. As to form, a plaintiff who sues multiple defendants must identify what ***each*** defendant allegedly did, when, and how that conduct caused him harm. Plaintiff has failed to do so. He instead brings claims against eight named defendants and eighteen "John Doe" defendants, lumping them together under the omnibus label "Defendants," leaving each defendant to guess which allegations are directed at it. That kind of shotgun pleading violates Rule 8 and is fatal to Counts I through IV.

The defects in form are matched by defects in substance. Each of Plaintiff's claims fails on the merits. Plaintiff's claim for a declaration of authorship and ownership in *Monalisa* (Count I) is time-barred. By Plaintiff's own allegations, *Monalisa* was commercially released in June 2021 without crediting or compensating him. Under Second Circuit precedent, that public release was a paradigmatic "express repudiation" of Plaintiff's claimed interests, triggering the three-year limitations period under 17 U.S.C. § 507(b). Plaintiff filed this action in February 2026, nearly two years after the limitations period expired.

Count IV (fraud) and Count V (breach of fiduciary duty, asserted against Brown and CBE) fare no better. The fraud claim rests entirely on the filing of a copyright registration for the *Sensational* ***sound recording*** – an act CBE is nowhere alleged to have taken, and a registration

covering a work in which Plaintiff (who claims authorship only of the composition) has no asserted interest. The Complaint fails Rule 9(b)'s particularity requirement. The breach of fiduciary duty claim against Brown and CBE fails for the more fundamental reason that it pleads no fiduciary relationship: the only relationship the Complaint describes is one of alleged co-authorship, which courts in this Circuit have repeatedly held does not give rise to a fiduciary duty as a matter of law.

Counts III and VI, for unjust enrichment and an accounting, are squarely preempted by the Copyright Act. Both claims rest on Plaintiff's asserted authorship and ownership interests; both seek to recover the very benefits that flow from copyright ownership; and both are foreclosed by § 301(a) under settled precedent. Additionally, both claims are independently deficient under New York law: the unjust enrichment claim fails to plead that retention of any benefit would be against equity and good conscience, and the accounting claim fails to plead a single one of the four required elements.[1]

For the reasons set forth below, the Court should dismiss the Complaint as to the Moving Defendants, with prejudice as to those claims that cannot be saved by repleading.

## FACTUAL BACKGROUND

Plaintiff filed this lawsuit against eight named defendants, lumped together under the omnibus term "Defendants," and eighteen "John Doe" defendants, premised on his alleged authorship or co-authorship of lyrics for two musical works: "Sensational" and "Monalisa." (Compl. ¶¶ 11-13).[2] Plaintiff, a self-described recording artist, songwriter, and performer, alleges

---

[1] These deficiencies are not new to Plaintiff. The parties conferred extensively regarding the Complaint's defects, and Plaintiff represented in an April 6, 2026 joint letter (D.E. 40) that he intended to file an amended complaint by April 30, 2026. The Court so ordered. (*Id.*) Plaintiff did not amend by that date and has not amended since.

[2] For the purposes of this motion only, Defendants assume the truth of the Complaint's allegations not pleaded "upon information and belief." Should the Complaint survive dismissal, Defendants intend to vigorously contest the veracity of Plaintiff's allegations.

that some unspecified subset of the lumped defendants failed to properly credit or compensate him for these works. (*Id.* ¶¶ 11-14, 19, 26). On that basis, he seeks declarations of copyright authorship and ownership – including as to "Monalisa," a work publicly released and distributed by third parties nearly five years ago, in ***June 2021***. (*Id.* ¶¶ 18-24; 25-31).

Tethered to these copyright declarations, Plaintiff appends a series of state-law claims that recycle the same alleged failure to compensate him: (i) unjust enrichment, which is impermissibly premised on the very assertions of copyright authorship and ownership that ground his federal claims (Compl. ¶¶ 33-38, particularly ¶ 36); (ii) fraud, pleaded in sweeping terms wholly devoid of the particularity Rule 9(b) demands (*id.* ¶¶ 40-44); (iii) breach of fiduciary duty, unsupported by any allegation of a fiduciary relationship, a corresponding duty, or a knowing breach (*id.* ¶¶ 46-49); and (iv) an accounting, supported only by the conclusory assertion that Plaintiff is entitled to one and the boundless claim that it is owed "from any revenue sources whatsoever, throughout the World, including cyberspace." (*Id.* ¶¶ 51-53).

## <u>LEGAL STANDARD</u>

In order to sufficiently state a cause of action, a complaint must satisfy Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

**A.    Rule 12(b)(6) Requires Factual Allegations Sufficient to State a Plausible Claim for Relief.**

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Twombly* standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Reciting the elements of a claim will not

do. *Twombly*, 550 U.S. at 555.

Rather, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A claim achieves facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Accordingly, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

## B.    Rule 8 Prohibits Group Pleading and Requires the Complaint to Identify Each Defendant's Alleged Conduct.

Rule 8 requires a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Although the rule does not demand detailed factual allegations, the complaint must at minimum give each defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). That requirement is not satisfied by a complaint that pleads what some collective of defendants supposedly did; it requires factual allegations identifying ***which*** defendant did ***what***, ***when***, and ***how*** that conduct harmed the plaintiff.

Where a plaintiff sues multiple defendants, he must allege the basis of his claim against each one. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy this minimum standard"). "It is well-established in this Circuit

that plaintiffs cannot simply 'lump' defendants together for pleading purposes," and "Rule 8(a) is violated where a plaintiff, by engaging in group pleading, fails to give each defendant fair notice of the claims against it." *Nesbeth v. N.Y.C. Mgmt. LLC*, No. 17 Civ. 8650 (JGK), 2019 WL 110953, at *3 (S.D.N.Y. Jan. 4, 2019); *accord Brown v. Dolce & Gabbana USA Inc.*, No. 24 Civ. 3807 (NRB), 2025 WL 1919549, at *8 (S.D.N.Y. July 11, 2025) ("A complaint violates Rule 8 if it lumps all the defendants together in each claim and provides no factual basis to distinguish their conduct."). Such complaints "'fail to differentiate as to which defendant was involved in the alleged unlawful conduct [and] are insufficient to state a claim.'" *Leneau v. Ponte*, No. 1:16-cv-776-GHW, 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018).

Group pleading imposes precisely the prejudice Rule 8 is designed to prevent: it places "far too [heavy a] burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [a plaintiff's] claims." *Cannon v. N.Y.S. Comm'r of Soc. Servs.*, No. 19 Civ. 6493 (CM), 2019 WL 3743975, at *2 (S.D.N.Y. Aug. 7, 2019).

## LEGAL ARGUMENT

I.     **Counts I through IV Should Be Dismissed Because the Complaint Engages in Impermissible Group Pleading and Alleges No Specific Conduct by the Moving Defendants**.

Counts I through IV of the Complaint impermissibly lump all eight named defendants together and fail to identify any basis for liability against any specific defendant. Instead, the omnibus collective "Defendants" are alleged to bear responsibility for every wrongful act underlying Plaintiff's purported injuries. (*See*, *e.g.*, Compl. ¶¶ 19 (p. 7), 23, 24, 26, 30, 31, 33, 35,

36, 38, 40, 41, 42, 43 and 44). [3] Plaintiff alleges, for example, that each defendant deceived and defrauded him – yet only a small subset of defendants is alleged to have had any direct dealings with him whatsoever. (*Id.* ¶ 11).

The Complaint is particularly threadbare as to the Moving Defendants. As to CBE, Plaintiff pleads only that it is "a Delaware limited liability company" and that it was somehow "present" when he "authored and composed lyrics" for *Monalisa*. (*Id.*). But CBE is a corporate entity, not a natural person. It cannot be "present" except through an identified agent acting within the scope of authority. The Complaint identifies no such agent, alleges no such authority, and offers no facts explaining how or in what capacity CBE supposedly participated in the supposedly participated in the alleged composition of *Monalisa*.

As to the three Universal entities, the Complaint is thinner still: it alleges only their corporate form and general business as music publishers (*id.* ¶¶ 6-8), with no allegation that any Universal entity ever interacted with Plaintiff, made any representation to him, owed him any duty, or engaged in any specific conduct connected to the subject works. Universal Music Group's alleged status as a parent company (*id.* ¶ 8), pleaded "upon information and belief," adds nothing. Corporate parentage is not a substitute for factual allegations of wrongdoing. *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir. 1996).

From these allegations, the Complaint asks the Court, and each of the Moving Defendants, to infer liability for declaratory relief on copyright authorship, unjust enrichment, fraud, and breach of fiduciary duty. Rule 8 does not permit such inferential leaps, and neither do the courts in this District. Counts I through IV should thus be dismissed as to the Moving Defendants. The

---

[3] Plaintiff's Complaint contains duplicative paragraphs numbered 16 through 19, appearing on pages 5-6 and 6-7. For the avoidance of doubt, Defendants cite these paragraphs with their corresponding page numbers.

Complaint's reliance on group pleading, combined with its near-total absence of factual allegations specific to CBE or any Universal entity, fails Rule 8's most basic requirement. *See*, *e.g.*, *Lopez v. Bonanza.com*, *Inc.*, No. 17 Civ. 8493 (LAP), 2019 WL 5199431, at \*17 (S.D.N.Y. Sept. 30, 2019) (dismissing claim where the allegations improperly lumped all "Defendants" together); *Jackson Nat'l Life Ins. Co. v. Ligator*, 949 F. Supp. 200, 208 (S.D.N.Y. 1996) (same); *Roberts v. Keith*, No. 04 CV 10079 (LAP), 2009 WL 3572962, at \*4 (S.D.N.Y. Oct. 23, 2009) (same, granting motion for judgment on the pleadings). *See also Zalewski v. T.P. Builders*, *Inc.*, No. 10 Civ. 876 (GLS) (RFT), 2011 WL 3328549, at \*5 (N.D.N.Y. Aug. 2, 2011) ("The court will not accept conclusory allegations, conjecture, or vague group pleading to serve as a basis for liability.").

## II.    Count IV Should Be Dismissed as to CBE Because the Complaint Fails to Plead Fraud With Particularity Under Rule 9(b) and Identifies a Registration in Which Plaintiff Claims No Interest.

Rule 9(b) imposes a heightened pleading standard for fraud claims.  A plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy that standard, the complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Raspberry Holdings LLC v. NextBanks Int'l Inc.*, No. 24-cv-1529 (LJL), 2025 WL 438270, at \*9 (S.D.N.Y. Feb. 7, 2025).

Count IV satisfies none of Rule 9(b)'s requirements as to CBE. Most fundamentally, the Complaint does not allege that CBE filed, participated in, or had any role whatsoever in the copyright registration that forms the sole factual predicate for the fraud claim. (*See* Compl. ¶ 19 (p. 7) (alleging that Registration No. SR0000987741 for the *Sensational* sound recording was issued without crediting Plaintiff as a co-author). That alone defeats Count IV against CBE: a defendant cannot have committed fraud through an act it is not alleged to have taken.

The Rule 9(b) defects compound from there. The Complaint does not identify any statement, fraudulent or otherwise, made by CBE to Plaintiff.  It does not allege when or where any such statement was made. It does not identify any speaker. And it does not explain, beyond the conclusory assertion that the omission was "intentional" (*id.* ¶¶ 40-41), why the registration was fraudulent rather than the product of some non-actionable disagreement, oversight, or good-faith dispute over authorship.

These pleading defects are compounded by, and independent of, the group-pleading problem addressed in Section I above. As courts in this District have repeatedly held, Rule 9(b)'s particularity requirement is ***especially hostile*** to group pleading. *See*, *e.g.*, *Jackson Nat'l Life Ins.*, 949 F. Supp. at 208 (complaint's "failure to distinguish among the ... 'Defendants' [was] an egregious example of prohibited 'group pleading'" and failed to "allege fraud with the particularity required by Rule 9(b)") (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent [conduct] to 'defendants.'")). What Rule 8 disfavors, Rule 9(b) prohibits outright.

Plaintiff's failure to plead fraud with the particularity Rule 9(b) requires mandates dismissal of Count IV as to CBE.  *See*, *e.g.*, *Armenante v. Flying Colours Corp.*, No. 25 Civ. 3378 (JLR), 2026 WL 775666, at *8-9 (S.D.N.Y. Mar. 18, 2026); *Raspberry Holdings*, 2025 WL 438270, at *9; *Cadle Co. v. Rochfort Ents. (Bahamas) Ltd.*, No. 02 Civ. 9348 (LAB), 2003 WL 1702262, at *1 (S.D.N.Y. Mar. 31, 2003).

Independent of these pleading defects, Count IV also fails because the alleged fraudulent registration Plaintiff identifies has nothing to do with the interests he claims. Plaintiff alleges he authored lyrics – which, if protectable, would be protected by the copyright in the underlying ***musical composition***. But the registration at issue (No. SR0000987741) is for the ***sound recording***,

a separate work with a separate copyright. *In re Cellco P'ship*, 663 F. Supp. 2d 363, 368 (S.D.N.Y. 2009) ("Sound recordings and their underlying musical compositions are ***separate works with their own distinct copyrights***") (emphasis added). *See also McCarthy v. Stollman*, No. 06 Civ. 2613 (DAB) (DF), 2010 WL 11586609, at *5 (S.D.N.Y. Feb. 23, 2010) (copyright protection extends to "(1) the musical composition, which itself frequently consists of two distinct components — music and lyrics; and (2) . . . the sound recording"); *Elliott v. Cartagena*, No. 19 Civ. 1998 (NRB), 2025 WL 486634, at *6 (S.D.N.Y. Feb. 13, 2025) ("a sound recording copyright protects "a particular performance of the musical composition").

Plaintiff's entire fraud theory thus rests on a registration to which, by his own allegations, he claims no interest. That mismatch is independently fatal to Count IV. Even crediting every factual allegation in the Complaint, Plaintiff cannot have been defrauded by a registration that purports to cover a work that he does not, and cannot, claim to own.

### III. Count V Should Be Dismissed as to CBE Because Plaintiff Has Failed to Plead a Fiduciary Duty and No Such Duty Exists Between Co-Authors as a Matter of Law.

Under New York law, a claim for breach of fiduciary duty requires (1) the existence of a fiduciary duty, (2) a knowing breach of that duty, and (3) damages resulting therefrom. *See Rise Dev. Partners*, *LLC v. Signature Bank*, No. 23-cv-4242 (JGK), 2024 WL 4555758, at *5 (S.D.N.Y. Oct. 22, 2024). Plaintiff's claim against CBE fails on each element and must be dismissed for several independent reasons.

*First*, Plaintiff has not adequately pleaded the existence of any fiduciary duty. The Complaint asserts only that Brown and CBE "owed a fiduciary duty to Plaintiff" (Compl. ¶ 46) – a bare legal conclusion devoid of any factual content describing how, why, or on what basis such a duty arose. Conclusory recitations of this kind cannot establish a fiduciary relationship. *See*, *e.g.*, *Rise Dev. Partners*, *LLC*, 2024 WL 4555758, at *5; *Gordon v. Aizenberg*, No. 7:21-cv-51 (NSR),

2022 WL 4660499, at *4 (S.D.N.Y. Sept. 30, 2022); *Fagan v. First Sec. Invs., Inc.*, No. 04 Civ. 1021 (LTS) (TH), 2006 WL 2671044, at *5 (S.D.N.Y. Sept. 15, 2006).

*Second*, even setting aside the absence of any pleaded duty, the Complaint nowhere alleges that CBE **knowingly** breached one. *See Leighton v. Poltorak*, No. 17 Civ. 3120 (LAK) (KNF), 2018 WL 2338789, at *7 (S.D.N.Y. May 23, 2018). Plaintiff's failure to plead two of the three elements is, by itself, dispositive.

*Third*, even if the Complaint had pleaded these elements, no fiduciary duty exists as a matter of law on the facts alleged. The only relationship the Complaint describes between Plaintiff and CBE is one of alleged co-authorship.  Courts in this Circuit have repeatedly held that co-authorship does not, without more, give rise to a fiduciary relationship.  *See*, *e.g. Regan v. Conway*, No. 07-CV-3207 (ADS) (ARL), 2009 WL 10708790, at *10 (E.D.N.Y. Sept. 30, 2009) ("[C]ourts in the Second Circuit have held that a fiduciary relationship does not exist between co-authors"); *Margo v. Weiss*, No. 96 CIV. 3842 (MBM), 1998 WL 2558, at *5 (S.D.N.Y. Jan. 5, 1998) (rejecting the "unsupported assumption that co-authors owe fiduciary duties to one another"), *aff'd*, 213 F.3d 55 (2d Cir. 2000).

*Fourth*, Count V is impermissibly duplicative of Count IV. The two claims rely on the same alleged conduct and seek the same relief. Paragraphs 43 and 48 of the Complaint are **identical** but for a single connective word, confirming that Count V is nothing more than the fraud claim relabeled. (*Compare* Compl. ¶¶ 40-44, *with*, Compl. ¶¶ 46-49)).  A breach of fiduciary duty claim that duplicates a fraud claim must be dismissed.  *See*, *e.g.*, *NYC St. Tree Consortium Inc. v. Eber-Schmid*, No. 07-CV-0348 (BSJ), 2008 WL 11516553, at *9 (S.D.N.Y. April 21, 2008) (dismissing breach of fiduciary claim which was duplicative of fraud claim).  And because Count V rests on the same conduct underlying the fraud claim, it is subject to Rule 9(b)'s particularity requirement

– a standard the Complaint cannot meet, for the reasons set forth in Section II.  *See Abercrombie v. Andrew College*, 438 F. Supp.2d 243, 274 (S.D.N.Y. 2006); *Wuhan Zhongxin Imp. & Exp. Co. Ltd. v. Titan Alliance Imp. & Exp. Corp.*, No. 19-cv-5703 (WKF) (RML), 2020 WL 13851305, at *4 (E.D.N.Y. Nov. 3, 2020).

For each of these independent reasons, Count V must be dismissed against CBE.

**IV.    Plaintiff's Claim for Declaratory Judgment for "Monalisa" (Count I) is Time Barred and Should Be Dismissed With Prejudice**.

Plaintiff seeks a declaration of authorship and ownership for "Monalisa."  (Compl. ¶¶ 18-24).  That claim is time-barred and must be dismissed.

The Copyright Act requires that all claims for declarations of authorship and ownership be commenced "within three years after the claim accrued." 17 U.S.C. § 507(b) (emphasis added). The Second Circuit has held that "plaintiffs claiming to be co-authors are time-barred three years after accrual of their claim from seeking a declaration of copyright co-ownership rights and any remedies that would flow from such a declaration." *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996); *accord Margo v. Weiss*, 213 F.3d 55, 60-61 (2d Cir. 2000).

Critically, an authorship or ownership claim accrues "***only once***." *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011) ("An ownership claim accrues only once, when a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right.") (emphasis added); *see also Merchant*, 92 F.3d at 56 ("[N]o ... uncertainty exists as to co-ownership rights based on co-authorship. A co-author knows that he or she jointly created a work from the moment of its creation."); *Waite v. UMG Recordings*, *Inc.*, 450 F. Supp. 3d 430, 435-36 (S.D.N.Y. 2020). The clock starts running upon an "express repudiation" of the plaintiff's claimed authorship or ownership.  As courts in this District have recognized, the public release of the work without crediting or compensating the putative author is a paradigmatic example of such repudiation. *See*

*Phillies v. Harrison/Erickson, Inc.*, No. 19 Civ. 7239 (VM) (SN), 2021 WL 5936523, at \*25-26 (S.D.N.Y. Aug. 10, 2021) (express repudiation occurs when the defendant receives renumeration for the work to which the plaintiff is entitled or makes a public assertion of ownership or authorship which excludes the putative owner/author).

Plaintiff's own allegations establish that the limitations clock began running on his *Monalisa* claim in June 2021 and expired in June 2024 – more than eighteen months before this action was filed. According to the Complaint, *Monalisa* was "commercially released on or about June 4, 2021." (Compl. ¶ 12.) From that moment forward, the Complaint alleges, Defendants "failed to credit" Plaintiff, failed to acknowledge his contributions, openly exploited the song commercially, and retained all revenues – while Plaintiff "never received any compensation." (*Id.* ¶¶ 12-13). Those are the textbook facts of express repudiation.

The Second Circuit and courts in this District have repeatedly held that precisely this conduct triggers the limitations period. *See Ortiz v. Guitian Bros. Music Inc.*, No. 07 Civ. 3897, 2008 WL 4449314, at \*4 (S.D.N.Y. Sept. 29, 2008) (claim time-barred where "[d]efendants' open distribution and exploitation of the [work] without paying any royalties to [plaintiff] should have put [plaintiff] on notice that [d]efendants rejected his claim to copyright"); *Charles v. Seinfeld*, 803 F. App'x 550, 552 (2d Cir. 2020) (ownership claim publicly repudiated, and thus time-barred, when the work was released without crediting plaintiff); *Phillies*, 2021 WL 5936523, at \*26 (public exclusion from credits is among the "clearest examples of express repudiation"); *Dewan v. Blue Man Grp. Ltd. P'ship*, 73 F. Supp. 2d 382, 387 (S.D.N.Y. 1999) (claim time-barred where plaintiff's "own awareness that he was not receiving any royalties" provided "ample reason to know a lawsuit was necessary"); *Howard v. Carter*, 615 F. Supp. 3d 190, 195 (W.D.N.Y. 2022) (claim time-barred where plaintiff's allegations established that he was not receiving royalties

while defendant "conspicuously exploited the copyrights") (cleaned up).

As the *Ortiz* court put it: "We cannot think of a more plain and express repudiation of co-ownership than the fact that [defendant] openly, and quite notoriously, sold [plaintiff's] records without providing payment to him." 2008 WL 4449314, at *4 (quoting *Santa-Rosa v. Combo Records*, 471 F.3d 224, 227 (1st Cir. 2006)).  Plaintiff's allegations track this controlling authority almost word for word. He alleges public release without credit. He alleges open commercial exploitation. He alleges that he never received any compensation. By the Complaint's own terms, every condition for express repudiation was satisfied in June 2021.

Plaintiff had three years to bring his claim. He did not. Count I is therefore time-barred and must be dismissed with prejudice. *See, e.g., Margo*, 213 F.3d at 57, 59-61 (affirming dismissal of time-barred claim for declaration of copyright co-authorship and co-ownership); *Dewan*, 73 F. Supp. 2d at 386-87 (dismissing claim for declaration of co-authorship as time-barred).

## V.    Count III Should Be Dismissed Because Plaintiff's Unjust Enrichment Claim Is Preempted by the Copyright Act and Otherwise Inadequately Pleaded.

Plaintiff alleges that Defendants were unjustly enriched through the receipt of financial benefits and goodwill stemming from "*Monalisa*" and "*Sensational*," in conjunction with "Defendants' failure to acknowledge Plaintiff's authorship and copyright ownership interests" and "failure to compensate Plaintiff." (Compl. ¶¶ 33-38). Stripped of its label, the claim is straightforward: because Plaintiff purportedly holds copyright authorship and ownership rights, it is supposedly unjust for Defendants to retain the benefits of those works without compensating him.

Plaintiff's claim is squarely preempted by the Copyright Act. *See* 17 U.S.C. § 301(a). As this Court has held, where a "plaintiff's basic claim is that because he is a co-author of the copyrighted material and a co-owner of the copyrights," the "defendants' copyrights should not

entitle them to the full bundle of privileges that attach to copyright ownership," "it is only through this basic claim that any enrichment is unjust" – and the claim is preempted. *Weber v. Geffen Records, Inc.*, 63 F. Supp. 2d 458, 462-63 (S.D.N.Y. 1999) (collecting cases). That is precisely Plaintiff's theory here. Courts in this District routinely hold that unjust enrichment claims are preempted on these grounds. *See, e.g.*, *Jones v. Haynes*, No. 24 Civ. 7098 (VM) (RWL), 2025 WL 3090549, at *13-14 (S.D.N.Y. Oct. 10, 2025) (Copyright Act "squarely preempted" unjust enrichment claim where plaintiff "sought to enforce through the unjust enrichment claim his rights as the purported owner of the copyright in the Songs"); *Weber*, 63 F. Supp. 2d at 462-63 (dismissing unjust enrichment claim premised on co-authorship and co-ownership as preempted); *Netzer v. Continuity Graphic Assocs., Inc.*, 963 F. Supp. 1308, 1322 (S.D.N.Y. 1997) (same).

Even setting aside preemption, Plaintiff has not adequately pleaded the elements of an unjust enrichment claim. Under New York law, the claim requires allegations that: "(1) the defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Pauwels v. Deloitte LLP*, 83 F.4th 171, 186 (2d Cir. 2023). The Complaint pleads no facts addressing the third element – no allegation as to **why** it would be against equity and good conscience to permit any Defendant to retain any of the benefits at issue. That omission is itself dispositive. *See, e.g.*, *Liberty Harbor Coffee Inc. v. Moss*, No. 25 Civ. 1335 (JLR), 2025 WL 2930290, at *14 (S.D.N.Y. Oct. 15, 2025); *In re Hydrogen, L.L.C.*, 431 B.R. 337, 359 (S.D.N.Y. 2010); *L.A. Grika ex rel. McGraw v. McGraw*, 161 A.D.3d 450, 452 (1st Dep't 2018).

Nor could Plaintiff plausibly plead the third element on the facts alleged. The Complaint seeks compensation for what Plaintiff calls his own "contributions" (Compl. ¶ 33) but says nothing about why Defendants are not equally entitled to retain the fruits of **their** contributions – the

recording, production, mixing, mastering, distribution, marketing, and commercial exploitation of the works. Equity does not require Defendants to disgorge the value of their own investments simply because Plaintiff claims a hand in their creation. *See*, *e.g.*, *Gillespie v. St. Regis Residence Club*, *N.Y. Inc.*, No. 16 Civ. 9390 (GHW), 2019 WL 4747185, at *5 (S.D.N.Y. Sept. 30, 2019).

For these independent reasons, Count III must be dismissed as to the Moving Defendants.

**VI.    Count VI Should Be Dismissed Because Plaintiff's Accounting Claim Is Preempted by the Copyright Act and Otherwise Inadequately Pleaded**.

Plaintiff's claim for an accounting (Count VI) fails for the same two reasons as his unjust enrichment claim: it is preempted by the Copyright Act, and it is otherwise inadequately pleaded.

*First*, the accounting claim is preempted. Like the unjust enrichment claim, it rests entirely on Plaintiff's asserted authorship and ownership interests in the subject works. Plaintiff seeks an accounting of "all revenues earned by Defendants from the commercial exploitation of the subject songs" (Compl. ¶ 51), revenues to which he claims entitlement only by virtue of his alleged copyright interests. Courts in this District have repeatedly held that accounting claims so premised are preempted by § 301(a). *See Netzer*, 963 F. Supp. at 1321-22 (dismissing accounting claim premised on co-authorship and co-ownership as preempted); *Weber*, 63 F. Supp. 2d at 462-63 (same); *Arden v. Columbia Pictures Indus., Inc.*, 908 F. Supp. 1248, 1264 (S.D.N.Y. 1995) (same).

*Second*, even setting aside preemption, Plaintiff has not pleaded the elements of an accounting claim. Under New York law, an accounting requires allegations of: (1) a fiduciary relationship, (2) entrustment of money or property, (3) the absence of an adequate remedy at law, and (4) a demand for an accounting and a refusal. *CBI Cap. LLC v. Mullen*, No. 19 Civ. 5219 (AT), 2020 WL 4016018, at *7 (S.D.N.Y. July 16, 2020). The Complaint pleads none of them. It alleges only that Plaintiff is "entitled to a full, discrete accounting" of revenues earned "throughout the World, including cyberspace." (Compl. ¶¶ 51-53.) That is a demand for relief, not a cause of action.

The failure to plead *any* element of an accounting claim – let alone all four – requires dismissal. *See*, *e.g.*, *La. Mun. Police Emps.' Ret. Sys. v. JPMorgan Chase & Co.*, No. 12 Civ. 6659 (DLC), 2013 WL 3357173, at \*17 (S.D.N.Y. July 3, 2013) (dismissing accounting claim for failure to allege a fiduciary relationship); *Meszaros v. Meszaros*, No. 18 Civ. 5731 (DLI) (RER), 2019 WL 13225390, at \*5 (E.D.N.Y. Sept. 30, 2019) (same, for failure to allege entrustment of money or property); *Telesco v. Neuman*, No. 14 Civ. 3480 (VB), 2015 WL 2330166, at \*6 (S.D.N.Y. Mar. 11, 2015) (same, for failure to allege the absence of an adequate legal remedy); *McCaffery v. McCaffery*, No. 11 Civ. 703 (DRH) (WDW), 2012 WL 3260299, at \*5 (E.D.N.Y. Aug. 8, 2012) (same, for failure to allege a demand and refusal). Count VI must be dismissed as to the Moving Defendants.

## CONCLUSION

The deficiencies in the Complaint are not technical or curable through artful repleading. They are structural. The deficiencies are also not new to Plaintiff. By joint letter dated April 6, 2026 (D.E. 40), the parties advised the Court that they had conferred extensively regarding the Complaint, and that Plaintiff intended to file an amended complaint by April 30, 2026 – a deadline the Court granted. (*Id.*) Plaintiff did not file an amended complaint by that date and has not done so since. Although the Court need not reach the question to grant the relief sought, this procedural history reinforces that the defects raised here are not the product of inadvertence or surprise.

For the foregoing reasons, CBE and the Universal Defendants respectfully request that the Court dismiss the Complaint as to them, and specifically: (i) dismiss Counts I through IV as to the moving Defendants for improper group pleading in violation of Fed. R. Civ. P. 8(a); (ii) dismiss Count I, with prejudice, as time-barred under 17 U.S.C. § 507(b); (iii) dismiss Count III, with prejudice, as preempted by the Copyright Act and inadequately pleaded; (iv) dismiss Count IV as

to CBE for failure to plead fraud with the particularity required by Fed. R. Civ. P. 9(b); (v) dismiss

Count V as to CBE for failure to plead a breach of fiduciary duty claim, with prejudice; and (vi)

dismiss Count VI, with prejudice, as preempted by the Copyright Act and inadequately pleaded.

Dated:   May 20, 2026
         New York, New York

                                        **PRYOR CASHMAN LLP**
                                        *Attorneys for Defendants Chris Brown*
                                        *Entertainment, Inc., Universal Music Publishing,*
                                        *Inc., Universal Music Group, Inc. and Songs of*
                                        *Universal*


                                        By: */s/ James G. Sammataro*
                                             James G. Sammataro (NY Bar No. 4937926)
                                             Kevin R. Savarese (NY Bar No. 5917976)
                                             jsammataro@pryorcashman.com
                                             ksavarese@pryorcashman.com
                                             ksuarez@pryorcashman.com
                                             7 Times Square
                                             New York, New York 10036
                                             (212) 421-4100

## **WORD COUNT CERTIFICATION**

I, James G. Sammataro, an attorney duly admitted to practice law before the courts of the State of New York, hereby certify pursuant to Local Civil Rule 7.1 that this brief complies with the word count limit set forth in Your Honor's Individual Rule 2.B. because it contains 5,256 words, excluding parts of the memorandum exempted by Local Civil Rule 7.1.  In preparing this certification, I have relied on the word processing software used to prepare this memorandum.

Dated:        New York, New York
              May 20, 2026


                                        */s/ James G. Sammataro*
                                        James G. Sammataro
                                        NY Bar No. 4937926